UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOY PRUE,

                                **Plaintiff,**

                v.                                    1:13-CV-1280
                                                                (FJS/CFH)

HUDSON FALLS POST NO. 574, THE AMERICAN
LEGION, DEPARTMENT OF NEW YORK,

                                **Defendant.**
_____

**APPEARANCES**                                                  **OF COUNSEL**

**MORGADO, P.A.**                                      **DALE J. MORGADO, ESQ.**
600 Third Avenue, 2nd Floor
New York, New York 10016
Attorneys for Plaintiff

**OFFICE OF CHARLES G. MILLS**            **CHARLES G. MILLS, ESQ.**
56 School Street
Glen Cove, New York 11542
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION AND BACKGROUND

      The Court issued a Memorandum-Decision and Order on March 31, 2015, in which it found Defendant liable under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for certain hours Plaintiff worked in her capacity as Defendant's house manager between about April 27, 2011, until November, 2012. *See* Dkt. No. 68. On May 27, 2016, the Court conducted

a hearing to determine the number of hours Plaintiff worked as house manager for each week between April 17, 2011, and April 1, 2012.  The Court assumes the parties' familiarity with the procedural posture, prior rulings, and underlying circumstances of this case.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

> [N]o employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

Any employer who violates this provision "shall be liable to the employee . . . affected in the amount of . . . [her] unpaid overtime compensation, . . ., and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).  In addition, where an employee brings an action against her employer to recover wages, the court "shall, in addition to any judgment awarded to the plaintiff . . ., allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  *Id.*

Where an employer's records of an employee's hours worked are "inaccurate or inadequate," an employee may meet her burden by producing "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).  Once a plaintiff does so, "[t]he burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence."  *Id.* at 687-88.  If an employer fails to negate a plaintiff's evidence of uncompensated labor, the court may award damages "even though the result be only approximate."  *Id.* at 688 (citation omitted).  Indeed,

"[t]he employee's burden 'is not high,' such 'that it is possible for a plaintiff to meet this burden through estimates based on [her] own recollection.'" *Daniels v. 1710 Realty LLC*, 497 F. App'x 137, 139 (2d Cir. 2012) (quoting *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011)).

As a preliminary matter, the Court finds that, using Defendant's payroll documents as a guide, Plaintiff worked a total of 286 overtime hours for the period spanning April 1, 2012, to November 14, 2012. *See* Dkt. No. 27-3. The Court arrived at this number by adding all those hours recorded in excess of forty hours per week.

With respect to the period of time spanning April 27, 2011, to April 1, 2012, the parties agree that Defendant did not track Plaintiff's hours worked. Accordingly, the Court applies the burden-shifting analysis set forth in *Anderson*, 328 U.S. at 687-88, in order to determine the extent of Plaintiff's damages for this interval.

At the hearing on damages, Plaintiff testified that she worked, on average, 55 hours per week in her capacity as house manager based upon on her normal daily schedule or routine. Plaintiff further testified that she never ate lunch, never did outside work while on duty, and did not include in her computation of time any activities outside the scope of her job duties. Thus, the Court finds that Plaintiff met her initial burden through estimates based upon her own recollection. *See Daniels*, 497 F. App'x at 139.

However, other witnesses offered testimony that generally undercut Plaintiff's credibility. For example, current house manager Mr. Beard testified that, on average, house manager duties take him approximately 15 to 20 hours per week to complete. Mr. Nolin, a bartender, testified that generally, after he got to work at 12:30 p.m. to start his shift at 1 p.m., on most days Plaintiff would leave. Moreover, multiple witnesses

testified that Plaintiff performed outside work while on duty and that she often was absent and thus unable to receive deliveries.  In light of this testimony, the Court finds that Defendant, although not offering "evidence of the precise amount of work performed," has somewhat negated the reasonableness of Plaintiff's estimate of her hours worked for the time period spanning April 27, 2011, to April 1, 2012.  *See Anderson*, 328 U.S. at 687-88.

Nonetheless, Defendant has offered no particularized numbers to rebut Plaintiff's estimate of hours worked.  The Court notes that, during the time Defendant kept records of Plaintiff's hours, Plaintiff worked an average of approximately 9.5 hours of overtime per week.  The Court reached this number by dividing the total number of overtime hours for that interval, 286, by the total number of weeks, 30.

Applying this same estimate to the interval presently at issue, the Court finds that Plaintiff worked an average of 9.5 hours of overtime for each of the 49 weeks between April 27, 2011, and April 1, 2012.  Thus, the Court finds that Plaintiff worked a total of 465.5 hours of overtime during this interval and 751.5 hours of overtime during the entire duration of her employment with Defendant.

The parties have stipulated that Plaintiff's overtime rate of pay is $15.00 per hour.  *See* Dkt. No. 70 at ¶ 4.  Accordingly, the Court finds that Defendant is liable to Plaintiff for a total of $11,272.50 for overtime compensation.

In addition, "the court may, in its sound discretion, award no liquidated damages" if its finds that the employer's violation of the FLSA was in good faith and that the employer had reasonable grounds to believe that its conduct was not a violation.  *See* 29 U.S.C. § 260.  In this case, the Court previously held that Defendant had a good-faith

basis to believe that its conduct was not in violation of the FLSA.  *See* Dkt. No.68 at 15.  For this reason, the Court declines to award liquidated damages in this case.  *See* 29 U.S.C. § 260.

Finally, the Court awards Plaintiff reasonable attorney's fees and the costs associated with bringing this action.  *See* 29 U.S.C. § 216(b).

### III. CONCLUSION

Having reviewed the entire record in this matter, the parties' submissions, the hearing evidence, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff is entitled to damages in the amount of $11,272.50 for overtime compensation arising out of her employment with Defendant, together with reasonable attorney's fees and costs; and the Court further

**ORDERS** that, on or before **August 8, 2016**, Plaintiff shall file documentation with the Court including time sheets detailing the number of hours her attorneys spent on this case and the tasks they performed during that time, as well as a list of the costs Plaintiff incurred in connection with this action and, where applicable, documentation supporting those costs.  Defendant shall file any opposition it has to Plaintiff's submission on or before **August 15, 2016**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Plaintiff and close this case.

**IT IS SO ORDERED.**

Dated: July 26, 2016
      Syracuse, New York

                                          Frederick J. Scullin, Jr.
                                          Senior United States District Judge