UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Case No.: 1:13-cv-1280

JOY PRUE

Plaintiff

vs.

HUDSON FALLS POST NO. 574
THE AMERICAN LEGION
DEPARTMENT OF NEW YORK,

Defendants.

# MOTION & MEMORANDUM IN SUPPORT OF AWARD OF ATTORNEYS FEES

Dale James Morgado, Esq.
228 Park Avenue S., Suite 84164
New York, New York 10003
T (855) 899-9121
F (855) 499-9191
djm@morgado.us

Plaintiff's Counsel

\* \* \*

*Presiding*

Senior United States District Judge
Frederick J. Scullin, Jr.

*August 8, 2016*

# TABLE OF CONTENTS

1. Introduction  3

2. Argument: the applicable law supports the requested fee award.  3

    2.1. Congresses choose to mandate fees to rectify labor conditions and provide access to competent counsel.  3

    2.2. The amount of attorneys' fees are reasonable under the lodestar method.  5

    2.3. The presumed fee is reasonable, and should not be adjusted down in fee-shifting cases absent "exceptional circumstances."  10

    D. Costs and expenses are reasonable  12

III. Conclusion: the requested fee award is reasonable.  12

# 1. Introduction

On July 26, 2016, the Court issued its Memorandum-Decision and Order and its Rule 58 Judgment in favor of the Plaintiff, Joy Prue.[1] The Court found for the Plaintiff under the Fair Labor Standards Act, *i.e.*, awarding her $11,272.50 in damages for "751.5 hours of [unpaid] overtime" at an overtime rate of $15.00 per hour — an average of 9.5 hours of overtime per week.[2]

In line with the Court's order awarding "reasonable attorney's fees and costs" and directing Plaintiff's counsel to "file documentation with the Court, including time sheets detailing the number of hours … as well as a list of the costs Plaintiff incurred,"[3] Plaintiff now seeks an award of $132,982.90 in attorneys fees and $1,751.19 in costs under 29 U.S.C. Sec. 216(b), along with expenses not taxable under 29 U.S.C. Sec. 1920.

# 2. Argument: the applicable law supports the requested fee award.

## 2.1. Congresses choose to mandate fees to rectify labor conditions and provide access to competent counsel.

29 U.S.C. Sec. 216(b) governs the award of a prevailing FLSA plaintiff. It provides that the

---

[1] D.E. 105 and 106

[2] D.E. 105 p. 2-3 (The parties stipulated to, and the Court adopting, an overtime rate of $15.00 per hour.)

[3] D.E. 105 p. 5

"court shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

Congress mandated reasonable fees and costs for injured employees (who generally cannot afford private lawyers) to try and eliminate "labor conditions detrimental to the maintenance of the minimum standard of living" for workers. — *Maddrix v. Dize*, 153 F.2d 274, 274 (4th Cir. 1946).

In this vein, Congress crafted the FLSA with an economic incentive for private litigators to act as "private attorneys general" and a goal of ensuring workers had access to legal representation. —*Roofers Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984); *see also Odil v. Evans*, 2005 WL 3591962 *3 (M.D.Ga. 2005)

Congress's expressed intent was in play here, as the Plaintiff could not afford a private lawyer; she earned $400 per week for 49.5 hours work per week. She also fails to qualify for most legal aide services, earning a few thousand dollars over the federal poverty level for her household of two.

## 2.2. The amount of attorneys' fees are reasonable under the lodestar method.

The Supreme Court and Second Circuit agree that the lodestar is the most useful starting point to determine a reasonable fee.[4] It "governs the initial estimate of reasonable fees" explained the Second Circuit as recently as May 16, 2016, in *Luo v. L&S Acupuncture, P.C.*[5]. And it is "not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney."—*Lindy Bros. Bldrs., Inc. of Phila. v. American R. & S. San. Corp.*, 487 F.2d 161, 166-65 ( 1973).

The result of this calculation is presumed reasonable. —*Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). It "produce[s] an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." —*Perdue v. Kenny A. ex rel. Winn*, 599 U.S. 542, 552 (2010). It also "cabins the discretion of trial judges, permits meaningful judicial review, and produces reasonably predictable results." *Id*.

---

[4] *Lindy Bros. Bldrs., Inc. of Phila. v. American R. & S. San. Corp., 487 F.2d 161, 166-65 ( 1973)* ("The first inquiry of the court should be into the hours spent by the attorneys —how many hours were spent in what manner by which attorneys.");

Although the Second Circuit still directs its district cour*t*s to consider all variables when it comes to determining a reasonable fee. *See, e.g., Barfield v. New York City Health and Hosps. Corp.*, 537 F.3d 132, 151-52 (2d Cir. 2008). ("we have advised district courts . . . to bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees.")(internal citations omitted).

[5] *Luo v. L&S Acupuncture, P.C.*, 2016 U.S. App. LEXIS 8890, 5-6 (2d Cir. N.Y. May 16, 2016) *citing Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) ("The lodestar approach governs the initial estimate of reasonable fees."

Using the lodestar calculation, Plaintiff's attorneys' fees total $132,982.90. Attached is <u>Exhibit 1</u>, counsel's detailed contemporaneously time records for this matter illustrating the time keeper, time spent, and a description of the work performed. Also attached is <u>Exhibit 2</u>, the Declaration of Dale J. Morgado, describing the firm's time keeping system, polices, qualifications, and hourly rates charged.

Following the Supreme Court's instruction that parties should "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary," *Hensley*, 461 U.S. at 434, the Plaintiff has also applied billing judgment in her calculations and excluded those time entries in the records she attaches. The billing records summarized below:

**Summary of Billing Records**

| Time Keeper | Position | Hourly Rate | Billing Time | Fee Sought |
|---|---|---|---|---|
| Dale Morgado | Sr. Partner Lead Trial Counsel | $400.00 | 224.80 | $89,590.00 |
| Ed Rosenberg | Jr. Partner | $350.00 | 1.1 | $385.00 |
| Michael Minkoff | Associate | $250.00 | 140.5 | 35,125.00 |
| Gabriel Petroka | Paralegal | | 2.7 | $229.50 |
| Ashley Rios | Paralegal | $85.00 | 4.9 | $416.50 |
| Priscilla Maldonado | Paralegal | $85.00 | 82.80 | 7038 |
| Monica Maur | Paralegal | $85.00 | 2.3 | 195.50 |
| **Totals** | | | **459.1** | **$132,982.90** |

When determining reasonable hourly rates, the lodestar method "looks to the prevailing market rates in the relevant community." *Perdue*, 130 S. Ct. at 1672. An attorney's "actual billing rate for comparable work is presumptively appropriate to use at the market rate." *People Who Care v. Rockford Bd. Of Ed., Sch. Dist. No. 205*, 90 F.3d 1307, 1310 (7th Cir. 1996). The burden then shifts to the defendant to prove that the rate was erroneously determined. —*Arrington v. NBC, Inc.,* 26 WH Cases 1079, 1080 (D.D.C. 1984)

The rates of Plaintiff's lead counsel, associates, and staff are reasonable and in line with the prevailing market rates in the relevant legal market. Lead counsel, Dale Morgado, given his seventeen years working in a law firm (ten as a lawyer), along with his extensive experience in FLSA litigation, regularly charges clients $400 an hour. He is also a contributing editor to the ABA Kerns Treatise on the Fair Labor Standards Act. *See* Ex. 2. This rate is reasonable not only in his home market of New York, NY, but is also reasonable in the Northern District of New York for an attorney of his education, background, and extensive trial experience in federal litigation. *See* Ex 2.

The rates of the remaining attorneys and staff are also in line with said legal market, as they range from $350.00 for partners, $250.00 for associates, and $85.00 for paralegals in FLSA litigation. Indeed, paralegal and law clerk time is also compensable under Section 16(b) of the Act because "the proper allocation of tasks between partners, associates, law clerks and paralegals is an important consideration in achieving economy of resources." *Jacobs v. Mancuso*, 825 F.2d 559, 563 (1st Cir. 1987).

The hours expended in this litigation are reasonable under the circumstances. While this litigation officially began on October 16, 2013 (precisely 1,017 days ago) with the filing of the complaint, the undersigned devoted time and resources into the pre-suit investigation of the case.

Once the suit commenced, the Plaintiff successfully defeated the Defendant's motion to dismiss [D.E. 16], which attacked not only the pleading in the complaint, but the underlying legal theory upon which the case relied, she prevailed on her motion for summary judgment [D.E. 27-1], as to liability, and then substantially prevailed during the parties trial to determine damages.

The docket and procedural history of this case demonstrates that the hours expended, along with the expenses discussed below, are reasonably tailored to the complexity of the case. The parties briefed and covered a myriad of factual and legal FLSA issues, including traditional and enterprise coverage under the Act, the executive exemption, economic realities, and interstate commerce. Plaintiff was also given the task of uncovering factual evidence concerning hours worked and time keeping policies that was either not readily in written form or not made available.

The Court also determined a number of other motions and substantive issues that required briefing, *e.g.*, Plaintiff's Memorandum of Law on the Number of Hours Worked [D.E. 72], motions to compel, and the Plaintiff's motion to strike certain affirmative defenses and parts of the Defendant's answer [D.E. 15]. In addition, the counsel for the Plaintiff had to prepare of a trial on damages, preparing his client, interviewing potential witnesses, reviewing materials, preparing for any evidenced expected to be offered by the Defendant, and submitting a brief on the same.

The parties also prepared for, traveled to and conducted a one day trial on damages. Although it was limited in time and scope, these limitations do not proportionately limit the work necessary to prepare. Besides the usually preparation of document review, witness selection, and exhibit lists, there remains other work that does not always easily manifest itself on the docket. One example of this trial preparatory work concerns the impeachment witnesses.

Here, the Plaintiff had reason to believe that the Defendant was going to offer false testimony about the Plaintiff's estimated hours she worked, *i.e.*, the Plaintiff had reason to believe that Dan Nolin asked Heidi Gale, a former Bartender for the Legion, to testify for the Defendant and lie. *See* Exhibit 4 (Sworn Statement of Heidi Gale) stating, inter alia:

> "I was approached by Dan Nolin . . . and I was asked to lie. He told me it was the Legion's Plan to tell the judge in Joy Prue's case that she did not work the hours she was claiming … I told Dan I would no lie, and not to call me as a witness. . . . [but] [t]he Legion continued to pressure me.)"

While Ms. Gale ultimately did not testify, the work to prepare for her possible impeachment testimony is still relevant and compensable.

The dispositive motion practice and trial practice also demonstrate that the hours above are reasonable. Both Parties briefed substantial motions for summary judgment, which included many legal and factual issues that had not, to the Parties' knowledge, been readily briefed before. The Plaintiff also submitted a substantial post-trial brief, summarizing the facts and evidence at the damages trial for the Court's convenience, along with this motion, both of which case law deem compensable.[6]

---

[6] —*Soler v. G&U, Inc.*, 801 F. Supp. 1056, 1064 (S.D.N.Y. 1992) (collecting cases and explaining that time spent on an attorneys' fee application as well as time spent litigating the fee request itself are also compensable.)

The above summary of the case in chief demonstrates that the hours sought are reasonable, and not duplicative, superfluous, and reasonably tailored to the complexity of this litigation. These submissions satisfy the Plaintiff's' burden because they evidence the actual hours expended on this litigation and the actual hourly rates that would be charged to the firm's clients. *See Hensley*, 461 U.S. at 434. The Court should award the Plaintiffs $132,982.90 in attorneys' fees under 29 U.S.C. Sec. 216(b)

## 2.3. The presumed fee is reasonable, and should not be adjusted down in fee-shifting cases absent "exceptional circumstances."

Once the initial lodestar is calculated, it may be adjusted up or down depending on a number of factors.[7] *See e.g., —Pierce v. Underwood*, 487 U.S. 552, 582-83, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (suggesting that factors might exist "that would justify an enhancement of the lodestar").

The Second Circuit in *Luo v. L&S Acupunture, P.C.*, explained as recently as May of this year, that the district courts are free to make an adjustment up or down, but no downwards adjustments should be made absent finding an "exceptional circumstance". 2016 U.S. App. LEXIS 8890, at *5-6.

The *Luo* Court reasoned that a downwards adjustment based upon proportion of damages recovered, in a cases like the one at bar, where the damages recovered are expected to low (compared to a fee award) "runs directly contrary to the purpose of fee-shifting statutes: assuring that civil rights claims of modest cash value can attract competent counsel."

---

[7] The Second Circuit in *Arbor Hill*, directed courts to "bear in mind all of the case specific variables" relevant to determining the reasonableness of attorney's fees. 522 F.3d at 184

Indeed, the "whole purposes of fee-shifting statutes is to generate attorneys' fees that are disproportionate to the plaintiff's recovery. As both the FLSA and the New York Labor Law are fee-shift statutes … we see no reason to depart from the general rule in this case." *Luo v. L&S Acupuncture, P.C.*, 2016 U.S. App. LEXIS 8890, 5-6 (2d Cir. N.Y. May 16, 2016).

Here, the Plaintiff recovered essentially all of the overtime hours she claimed. She won significant victories throughout the case, including summary judgment and recovering on her one and only claim. Simply put, she changed legal relationship between the parties. Any arguments that she recovered something less than 100% are unpersuasive. *See e.g., Winans v. W.A.S. Inc.*, 758 P.2d 503, 510 (deeming plaintiffs who prevailed on all claims except liquidated damages entitled to attorneys' fees for all services performed due to the related nature of claims), *aff'd*, 772 P.2d 1001, 29 WH Cases 480 (Wash. 1989);

### D. Costs and expenses are reasonable

Courts generally hold that cost awards under fee shifting statute encompass all reasonable out-of-pocket expenses, including, but not limited to witness fees, deposition costs, postage, photocopying, travel and phone charges. —*Certilus v. Peeples*, 27 WH Cases 308, 310 (M.D. Fla. 1984) (awarding expenses including meals, lodging, transportation, phone calls, and duplication of documents reasoning that the cost shifting statute "would be be frustrated if reasonable expenses were not allowed as part of attorney's fees and costs". Costs for computerized legal research may also be recoverable. —*Camargo v. Trammell Crow Interest Co.*, 318 F. Supp. 2d. 448 (E.D. Tex 2004). Here, attached as <u>Exhibit 3</u>, Plaintiff submits a list of those expenses and out-of-pocket expenses reasonably necessary prosecution this action.

## III. Conclusion: the requested fee award is reasonable.

For the foregoing reasons, Plaintiff, Joy Prue, asks the Court to enter an Order requiring that Defendants pay Plaintiff's reasonable attorneys' fees in the amount of $132,982.90, plus costs and expenses in the amount of $1,751.19, for a total award of $134,734.09.

Dated: August 8, 2016
New York, New York

/s Dale James Morgado
Dale James Morgado, Esq.
228 Park Avenue S., Suite 84164
New York, New York 10003
T (855) 899-9121
F (855) 499-9191
djm@morgado.us

Plaintiff's Counsel

**CERTIFICATE OF SERVICE**

I hereby certify I filed this 8th day of August, 2016 the foregoing MOTION & MEMORANDUM IN SUPPORT OF AWARD OF ATTORNEYS FEES with the Court using the Clerk's CM/ECF filing system, which will send a notice of filing to all parties, including counsel for the Defendant.

/s Dale James Morgado
Dale James Morgado, Esq.